AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

Southern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:19-mj-0608 |
| JORDAN BOYD | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___June 9, 2019___ in the county of ___Marion___ in the

___Southern___ District of ___Indiana___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C.§ 922(g)(3) | Possession of a Firearm by a Drug User |
| 18 U.S.C.§ 922(g)(8) | Possession of a Firearm by a Person Subject to a Court Protective Order Involving an Intimate Partner |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

_____
_Complainant's signature_

TFO Christopher G. Cooper, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date:  ___June 11, 2019___

_____
_Judge's signature_

City and state:  ___Indianapolis, Indiana___

Doris L. Pryor, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

1.      Your Affiant is a Task Force Officer (TFO) with the Federal Bureau of Alcohol,

Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of

Justice, and has served in that capacity since May of 2018.  Your Affiant is currently assigned to

the Indianapolis Group I Field Office – Achilles Task Force and is charged with investigating

violations of federal firearms, explosives, and arson laws, as well as offenses enumerated in

Titles 18 and 26 of the United States Code. Your Affiant is a Detective For the Indianapolis

Metropolitan Police Department (IMPD) and has been employed with IMPD since July 2009.

2.      As a law enforcement officer, your Affiant has participated in investigations

involving homicides, aggravated batteries, serious violent felons, firearms, drug trafficking,

robberies, and financial crimes, among other matters.  Your Affiant has also testified in judicial

proceedings and prosecutions for violations of comparable state law. Your Affiant received their

initial training at the Indianapolis Metropolitan Police Department Academy in 2009.  Your

Affiant has satisfied the minimum basic training requirements established by rules adopted by

the law enforcement training board under I.C. 5-2-1-9 and described in I.C. 35-37-4-5.  Your

Affiant has received Operation Pipeline/Convoy Training (2013), Characteristics of an Armed

Offender training (2014), Narcotics/Vice Undercover Detective school through IMPD (2016),

Indiana Drug Enforcement Administration Moving Surveillance training (2016), Beyond the

Traffic Stop training (2016), Quarterly Firearms Training (held in Indianapolis) and Yearly in-

service training (held in Indianapolis).

3.      This affidavit is submitted in support of a criminal complaint charging Jordan

BOYD (B/M, DOB: XX/XX/1998) with Possession of a Firearm By Drug User in violation of

Title 18, United States Code, Section 922(g)(3) and Possession of a Firearm By a Person Subject

to a Court Protective Order Involving an Intimate Partner under Title 18, United States Code, Section 922(g)(8). The information contained in the below numbered paragraphs is either personally known to your Affiant or told to your Affiant by other law enforcement officers.

## Facts Supporting Probable Cause

4.      On June 9, 2019 at approximately 1:57PM, Officer Kingery, with the Lawrence Police Department, was dispatched to a disturbance on Hawkins Road (Hawkins residence), where the caller (later identified as Jordan BOYD) stated a female stole his green Jeep Wrangler. Upon arriving, Officer Kingery came in contact with BOYD who stated his girlfriend Kyah Gaines took his Jeep Wrangler after an argument without his permission and tried to run him over when he told her to stop. Gaines pulled up to the location in the green Jeep Wrangler and advised she is a co-signer on the Jeep.

5.      BOYD and Gaines both reside at the Hawkins residence. BOYD stated he wanted his property out of the residence and asked Officer Kingery to assist him in retrieving his property. Officer Kingery entered the apartment with BOYD and Gaines and immediately detected a strong odor of what he knows through his training and experience as a law enforcement officer to be marijuana coming from inside the apartment. Gaines stated to BOYD that he better get his drugs out of the apartment if he is leaving. BOYD entered the master bedroom of the apartment on the Northeast corner where all his belongings were.

6.      Officer Kingery observed a black Glock 19GEN4 9 millimeter handgun (serial number BHKF174) laying on the master bedroom nightstand right next to the bed, which BOYD stated was his. BOYD also stated he had two guns underneath the bed which was in the master bedroom where the Glock 19 was located. Officer Kingery located a Romarm/Cugir Micro Draco 7.62x39 caliber handgun (serial number PMD-08495-18 RO) under the bed along with a

Velocity LLC VMAC-45 45 caliber handgun (serial number P12632). Dispatch advised the

Velocity LLC VMAC-45 45 caliber handgun (serial number P12632) was reported stolen/lost

out of Florida, under case number 14-116691.

7.       Dispatch also advised that BOYD had several active protective orders against him.

One of BOYD's active protective orders restrains him from harassing, stalking, or threatening an

intimate partner (one other than Gaines) and/or child of the intimate partner.  It also explicitly

prohibits the use, attempted use, or threatened use of physical force against that intimate partner

and/or child.  This protective order was issued to BOYD on December 19, 2017 under Marion

County cause number 49G17-1712-PO-046285  and has an expiration date of December 18,

2019.

8.       Detective Christopher Smilko with the Indianapolis Metropolitan Police Department

(IMPD) arrived on scene. Detective Smilko conducted an audio recorded statement with BOYD.

Detective Smilko read BOYD his Miranda Rights from a pre-printed Mirada card. BOYD

advised he understood his rights. BOYD stated that he called the police because he and his

girlfriend, Gaines, were having an altercation. BOYD stated that Gaines took off in a jeep that

both share and that it upset him. BOYD stated that after the altercation was over and Gaines

returned with the Jeep, he began to carry his stuff out of the residence and loaded it into the Jeep

so he could leave. BOYD stated that he had been staying in the residence for approximately two

(2) weeks. BOYD stated that there was marijuana in the residence. BOYD stated both the black

Mercedes and the green Jeep parked outside of Hawkins residence were his vehicles. Detective

Smilko observed a small white dog inside the Jeep with the windows all the way up. At that time

the weather channel reported that the temperature was approximately 77 degrees. Due to the

warmer temperatures, Detective Smilko asked BOYD if he could roll down the windows in his

Jeep so that the dog would be okay. BOYD advised Detective Smilko could roll down the windows. Upon opening the driver's side door of the Jeep, Detective Smilko could smell the strong odor of what he knows through his training and experience as a law enforcement officer to be raw marijuana coming from inside the vehicle.

9.     Detective Sergeant Gregory Kessie (IMPD) and Special Agent (SA) Todd Bevington with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) continued the audio recorded interview with BOYD. SA Bevington asked BOYD if any scales would be in the residence and BOYD replied yes. SA Bevington also asked if any marijuana residue would be on the balance of the scale and BOYD replied yes. Detective Sergeant Kessie asked BOYD how much marijuana does he smoke a day. BOYD said "You don't want to know, a pound probably." SA Bevington asked BOYD about the current prices of marijuana, BOYD stated that there are loads that go for $500.00 to a stack ($1,000.00). Detective Sergeant Kessie asked BOYD how he maintains his habit of smoking marijuana. BOYD said that he either flys out to smoke it or he buys it here in Indianapolis. SA Bevington asked BOYD how many guns were in the residence, BOYD said three (3). BOYD said the guns were a Glock, a Draco, and a MAC. BOYD said that he bought the MAC less than a week ago from the gun show and he took it to Beechgrove Firearms to get it cleaned up. BOYD said that he bought the Glock from a friend and the Draco he bought from his cousin.

10.     Detective Smilko applied for and was granted a state search warrant for the Hawkins residence, the dark green Jeep Wrangler and the black Mercedes C30. Detectives located a total of approximately thirty (30) grams of marijuana both in Jeep Wrangler and the Hawkins residence. In addition, they found two (2) working digital scales with marijuana residue on the balances, a box of Lellier 9 millimeter ammunition with sixteen (16) live rounds, a

box of Blazer 9 millimeter ammunition with thirty-seven (37) live rounds, a box American 45

caliber ammunition with thirty (30) live rounds, $1,455.00 cash, the Glock 19GEN4 9 millimeter

handgun (serial number BHKF174), the Velocity LLC VMAC-45 45 caliber handgun (serial

number P12632), and the Romarm/Cugir Micro Draco 7.62x39 caliber handgun (serial number

PMD-08495-18 RO) inside the Hawkins residence.

11.    ATF Special Agent Brian Clancy an Interstate Nexus Expert with ATF reviewed the

Glock, Velocity LLC, and the Romarm/Cugir handgun's characteristics and determined that they

were not manufactured in the state of Indiana.  By virtue of their presence in the State of Indiana,

therefore, they had to have been transported or shipped in interstate or foreign commerce.

## Conclusion

Based on the facts set forth in this affidavit, your Affiant submits that probable cause exists that

on June 9, 2019, in the Southern District of Indiana, Jordan BOYD, did knowingly possess a

firearm as a drug user and a person subject to a court protective order involving an intimate

partner, said firearm having been shipped and transported in interstate and foreign commerce, in

violation of Title 18, United States Code, Sections 922(g)(3) and 922(g)(8).  I respectfully

request this Court issue a Criminal Complaint charging BOYD accordingly, along with a warrant

for his arrest.

Christopher G Cooper, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to before me this 11th day of June, 2019.

Doris L. Pryor, Magistrate Judge
United States District Court
Southern District of Indiana