UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 1:19-cr-00217-SEB-TAB |
| JORDAN BOYD, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION FOR REVIEW OF RELEASE ORDER**

**Argument**

The Defendant, Jordan Boyd, is charged with violating 18 U.S.C. §922(g)(2) and 922(g)(8). The United States Probation officer recommended Boyd be released on conditions pending trial. See Addendum to PS3 Report. After considering the evidence presented by both sides, Magistrate Judge Tim Baker found that the Government had not met its burden and that remains the case here upon the District Court's *de novo* review.

Pretrial detention can be ordered if the Government meets its burden here of showing he is either a risk of flight or a risk of danger to the community. With respect to risk of flight, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to risk of danger, the United States must prove its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987).

The factors to be considered by the Court in determining whether there are conditions that will reasonably assure the appearance of the defendant and the safety of any other person and the community include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, controlled substance, or firearm;
>
> (2) the weight of the evidence against the defendant;
>
> (3) the defendant's history and characteristics, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense of arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for another offense; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

In *United States v. Jones*, defendant Curtis Jones, III was indicted on one count of knowingly possessing a firearm having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *United States v. Jones*, No. 3:16-CR-007 JD, 2016 U.S. Dist. LEXIS 22146, at *1 (N.D. Ind. 2016). 18 U.S.C. § 3145(b) "permits a defendant to file a motion seeking review or revocation of a detention order when the defendant has been ordered detained by a magistrate judge." *Id.* at *2. The Court reviewed the magistrate judge's detention order *de novo*, citing *Portes*,

786 F.2d at 758. See also *United States v. Levine*, 770 F. Supp. 460 (N.D. Ind. 1991) and *United States v. Shaker*, 665 F. Supp. 698, 701 (N.D. Ind. 1987).

In evaluating the factors, the *Jones* Court found that the firearm he possessed was stolen at the time of possession, it was found in his home and he purchased the firearm. *Jones*, 2016 U.S. Dist. at *5. Additionally, Jones' criminal history and characteristics weighed in favor of detention. He had previous convictions in violation of 18 U.S.C. § 1958 (conspiracy to use interstate commerce facilities in the commission of murder-for-hire). The Court also acknowledged Jones' life-long residency in Lake County, Indiana, a long-term relationship and a job available upon release, however they found that the factors weighed more in favor of detention. *Id.* at *7-8. Unlike Jones, where the Court found that there is no condition or combination of conditions that would reasonably assure the safety of the community if he were to be released from detention, Mr. Boyd's circumstances are different and lean sufficiently towards release.

The Government points to Boyd's repeated failures to appear in the Marion County Superior Court, Traffic Division, as a basis for his risk of flight. See Doc. 26, para 4.  However, all (12) of the failure to appears are combined based only on three pending traffic court cases.  See Addendum to PS3 Report.  Furthermore, Judge Pratt of the Marion County Superior Court recalled his warrant despite these failures when Boyd recently voluntarily appeared in court recently and the judge reset these cases for a pretrial conference in September.  One can infer that if Judge Pratt was satisfied with the reason for Boyd's prior failures to appear in court and recalled his warrant, then there was some plausible explanation for it.

The Government also points to Boyd's statement to law enforcement that he is a daily marijuana smoker and that he allegedly smokes "like a pound" a day in support of its request for detention.  See Doc 26, para. 3(c).  If such a claim was made, its preposterous.  While marijuana

is still illegal in Indiana and under federal law, other states have permitted it. After the State of Washington legalized marijuana, the Seattle Times found that on average a marijuana user smokes 123 joints a year[1]. As this Court likely knows, an average joint weighs approximately 0.5 grams. Consequently, if true, this means Boyd represented his smoked approximately 906 joints a day or 37 joints an hour. An incredible claim.

Finally, the Government claims that Boyd's suspected involvement in a number of "various shootings" poses a danger to the community and shows he is a flight risk. Doc. 22 at 2. Setting aside the irrelevance of any of the allegations against his brother, Alton Boyd, Jr., an individual also uncharged in those incidents, the proffered evidence of Boyd's involvement in a pattern of shootings is certainly not "clear and convincing". Sure, maybe Boyd doesn't live in the safest, most crime-free part of town, but that is an insufficient basis to lock him up on pretrial detention. The Government itself implies its claims are thin by pointing to the fact that it doesn't even have eye witnesses who can point to Boyd's involvement. See Doc. 26, para. 5. The Government is merely reciting its working theory about various "investigations that the defendant is under" but there is nothing more there; no charges in state court have been brought against him based on any of these allegations.

Additionally, at the request of Magistrate Tim Baker, Mr. Boyd's home has been searched and approved for his return. The Defendant will be on home detention with a GPS monitor. As the Magistrate Judge noted, this is the most-restrictive condition he can place on Boyd. If there are other shootings or suspected criminal activity involving Boyd, his exact location will be available to the police. Finally, he will be frequently tested for any illegal substances, including

---

[1] https://www.seattletimes.com/seattle-news/average-pot-user-consumes-123-joints-per-year-state-estimates/

marijuana, and will be subject to the filing of a Petition to Revoke his pretrial release if he tests positive for any such substances. There can be no shorter leash to keep the defendant on than the conditions ordered by the Magistrate Judge. While the Defendant understands the Government's supposed interest in protecting him, the fact is to detail him while under a presumption of innocence in this case would be inconsistent with the evidence before the Court on the Government's request for detention. The Government did not meet its burden here and Boyd should be released as recommended by the Magistrate Judge.

Finally, a district court need not be guaranteed that a defendant will not flee. *Levine*, 770 F. Supp. at 465 (citing *United States v. Orta*, 760 F.2d 887, 889-92 (8th Cir. 1985)). Rather, the court need only have a *reasonable assurance* of the defendant's appearance. *Orta*, 760 F.2d at 889-92 (emphasis added). Mr. Boyd had several family members attend his hearings to support him, has a mother who will employ him, and has the conditional approval of the Probation department to return home.

It seems the Government is stretching the "reasonably assure" standard in a way that requires the release conditions to guarantee community safety and defendant appearance. The burden is on the government to show that "every form of release be considered before detention may be imposed." *Orta*, 760 F.2d at 892. There does not need to be a guarantee, as stated above, simply a reasonable assurance that Mr. Boyd will appear and that he will not be a danger to the community. The government has failed to meet its burden and like Magistrate Baker found, the conditions he imposed upon Mr. Boyd are sufficient to reasonably assure he will appear when ordered and are restrictive enough that he will not likely be a danger to the community. In conclusion, Mr. Boyd respectfully requests the Court deny the Plaintiff's Motion for Review of Release Order.

          Respectfully submitted,
          BRATTAIN MINNIX GARCIA


          By: /s/ Mario Garcia
          Mario Garcia, #21638-49
          Attorney for Defendant
          One Indiana Square, Suite 2625
          Indianapolis, IN 46204
          (317) 231-1750


**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


          /s/ Mario Garcia
          Mario Garcia